IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GARY PERKINS, | § | |
| | § | No. 447, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1507018423A&B (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 4, 2024
Decided: November 22, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, we find it evident that the judgment below should be affirmed on the basis of and for the reasons cited by the Superior Court in its November 8, 2023 Memorandum Opinion denying the appellant's motion for postconviction relief.[1] To the extent that the appellant, Gary Perkins, claims that postconviction counsel ("Postconviction Counsel") was ineffective for failing to assist him with his postconviction motion in violation of court rules or in a manner inconsistent with the Superior Court's August 26, 2022 order granting in part Perkins' motion for a stay, he is mistaken. Superior

---

[1] *State v. Perkins*, 2023 WL 7403265 (Del. Super. Ct. Nov. 8, 2023).

Court Criminal Rule 61(e)(7) outlines the procedure that must be followed if counsel determines that no claims of error can be ethically advocated in a motion for postconviction relief and moves to withdraw. Contrary to Perkins' claim on appeal, Postconviction Counsel complied with Rule 61(e)(7)'s requirements. And, after the Superior Court granted Postconviction Counsel's motion to withdraw, Postconviction Counsel's continuing duty to represent Perkins was limited to (i) notifying Perkins of the court's ruling and (ii) advising Perkins of his right to appeal.[2] That is, Postconviction Counsel did not have a continuing obligation under Supreme Court Rule 26 to represent Perkins on appeal.[3] Finally, under the Superior Court's August 26, 2022 order granting in part Perkins' motion for a stay of the proceedings to enable him to hire substitute counsel, Postconviction Counsel remained counsel of record—unless and until Perkins retained private counsel—with the limited responsibility to "file any and all documents requested on Perkins' behalf."[4] Postconviction Counsel fulfilled that obligation.

---

[2] Del. Super. Ct. Crim. R. 61(e)(7)(ii) (providing that when counsel's motion to withdraw is granted "simultaneously with a denial of the movant's motion for postconviction relief—counsel's continuing duty is limited to: (A) notifying the movant in writing of the court's ruling; and (B) advising the movant in writing of the right to appeal, the rules for filing a timely notice of appeal, and that it is the movant's burden to file a notice of appeal if desired").

[3] Del. Supr. Ct. R. 26(a) (providing that counsel has a continuing obligation to represent a movant for postconviction relief on appeal "unless the attorney had been permitted to withdraw under the trial court's rules").

[4] App. to Opening Br. at DA77.

2

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice